## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

THE CINCINNATI SPECIALTY          )
UNDERWRITERS INSURANCE COMPANY,   )
                                  )
    Plaintiff,                  )
                                  )
v.                                )    CASE NO. CV418-205
                                  )
J&T's WAREHOUSE, INC., RIVER      )
STREET RESTAURANT GROUP, LLC,     )
and JANE DOE,                     )
                                  )
    Defendants.                 )
_____)

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office

8 30 18 M

Deputy Clerk

## O R D E R

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, Plaintiff's complaint does not include a list of the individual members, along with their citizenships, of Defendant River Street Restaurant Group, LLC. The complaint merely states that "Defendant River Street Restaurant Group, LLC is a corporation organized and existing under the laws of the state of Georgia with its . . . principal place of business in the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division." (Doc. 1 at 3.) As discussed above, this is not sufficient to establish complete diversity.

Moreover, the Court is also unable to determine whether it properly has jurisdiction because Plaintiff has failed to establish its own principal place of business. In the complaint, Plaintiff states that it is "a corporation existing under the laws of the State of Ohio, authorized to transact business in the State of Georgia." (Doc. 1 at 2.) Plaintiff, however, provides no indication as to the location of its principal place of business. See 28 U.S.C. § 1332(c)(1) (noting that a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of

2

business). Because Plaintiff has not alleged its own principal place of business, this Court is unable to determine whether diversity jurisdiction exists in this case.

Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within fourteen days from the date of this order listing all members of Defendant River Street Restaurant Group, LLC and their citizenships.[2] The amended complaint should also provide additional information about Plaintiff's principal place of business.

SO ORDERED this _30th_ day of August 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.