FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 DEC -9 PM 12:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY,

Plaintiff,

STARSTONE SPECIALTY INSURANCE
COMPANY,

Intervenor,

v.                                         CASE NO. CV418-205

J&T'S WAREHOUSE, INC.; RIVER
STREET RESTAURANT GROUP, LLC;
JANE DOE; and RIVER STREET
SWEETS, INC.

Defendants.

# ORDER

Before the Court is Plaintiff StarStone Specialty Insurance Company's ("Starstone") Consent Motion for Leave to File Supplemental Petition. (Doc. 82.) In its consent motion, Plaintiff StarStone moves for leave to file a supplemental petition for declaratory judgment to add allegations concerning Jane Doe's Third Amended and Recast Complaint in the underlying lawsuit and allegations concerning Defendant River Street Sweets, Inc., which was added as a defendant in this case. (Id. at 1.)

On June 18, 2019, Magistrate Judge Ray ordered Plaintiff StarStone to file a proposed consent motion with an amended petition complete in its entirety. (Doc. 78 at 2.) Magistrate Judge Ray also

informed Plaintiff StarStone that "[o]nce Starstone files an amendment, the prior pleading will no longer serve any function in the case." (Id. at 1.) Plaintiff StarStone has now filed the consent motion with an amended petition. After careful consideration, Plaintiff StarStone's motion (Doc. 82) is **GRANTED**. Plaintiff StarStone's Supplemental Petition for Declaratory Judgment, which was filed with its motion for leave on June 25, 2019, is deemed filed as of the date of this Order.

This now brings the Court to note that there are two pending motions for summary judgment. Plaintiff The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") filed its motion for summary judgment on April 4, 2019. (Doc. 50.) Plaintiff StarStone also filed its motion for summary judgment on April 22, 2019. (Doc. 53.) However, subsequently, Plaintiff Cincinnati moved for leave to file a second amended complaint in this case to add Defendant River Street Sweets, Inc. as a defendant. (Doc. 55.) Magistrate Judge Ray granted that motion and Plaintiff Cincinnati's second amended complaint was deemed filed as of the date of Magistrate Judge Ray's order. (Doc. 56.) Defendants J&T's Warehouse, Inc., River Street Restaurant Group, LLC, and River Street Sweets, Inc. (hereinafter "Corporate Defendants") filed their omnibus response in opposition to Plaintiff Cincinnati's motion for summary judgment and Plaintiff StarStone's motion for summary judgment on May 22, 2019. (Doc. 67.) Defendant Jane Doe filed her omnibus response in opposition to the

Plaintiffs' respective motions for summary judgment on May 17, 2019. (Doc. 70.) Plaintiff StarStone has now filed its own amended petition for declaratory judgment.

Because there have been amended petitions filed since Plaintiffs have filed their motions for summary judgment, the Court finds that these motions for summary judgment have become moot. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, [a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal citations and quotation marks omitted)); Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Courts routinely find that an amended complaint renders motions directed against the original complaint moot. See Robinson v. Wings of Alpharetta, Inc., No. 1: 11-CV-01579, 2011 WL 13308540, at *3 (N.D. Ga. Dec. 19, 2011) (denying the defendants' motions to dismiss as moot because the court was granting the plaintiff's motion to file an amended complaint); Reeves Constr. Co. v. Baker Constructors, Inc., No. 4:18-CV-73, 2019 WL 1292306, at *2 (S.D. Ga. Mar. 20, 2019) (denying as moot the defendant's motion to dismiss due to the filing of the plaintiff's first amended complaint); Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016), report and recommendation adopted, No.

6:15-CV-23, 2016 WL 3360521 (S.D. Ga. June 14, 2016) (collecting cases). Additionally, as the Magistrate Judge noted in his previous order, once an amended complaint or petition is filed, the old petition serves no operative purpose. (Doc. 78 at 1.) Therefore, although the Court recognizes the fact that the allegations have not materially changed in this action and that all Defendants have responded to the motions for summary judgment, the Court finds that Plaintiffs' motions for summary judgment are due to be dismissed as moot.

As a result, Plaintiff Cincinnati's Motion for Summary Judgment (Doc. 50) and Plaintiff StarStone's Motion for Summary Judgment (Doc. 53) are **DISMISSED AS MOOT**. Defendants **SHALL** have **thirty days** from the date of this order to answer Plaintiff StarStone's amended petition and Plaintiffs **SHALL** have **ninety days** from the date of this order to file any renewed motions for summary judgment.[1]

SO ORDERED this 9th day of December 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The parties should be aware that the Court will not accept any motion or response that incorporates by reference any factual allegation or argument contained in an earlier filing. Each motion and response should be a stand-alone filing that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider.

4